# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )        Civil Action No. CV402-243
)
Plaintiff, )
)
v. )
)
GULFSTREAM AEROSPACE )        JURY TRIAL DEMANDED
CORPORATION )
)
Defendant. )

## COMPLAINT

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to individuals 40 years of age and older who were employed by Defendant Gulfstream Aerospace Corporation and discharged or forced to retire during a purported reduction-in-force, as a class (these individuals are named in Attachment A hereto, and are hereinafter referred to as "Claimants"). The Equal Employment Opportunity Commission alleges that the Claimants, as a class, were discharged, forced to retire, and otherwise denied equal employment opportunities because of their age by Defendant Gulfstream Aerospace Corporation in violation of the Age Discrimination in Employment Act.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343, and 1345.   This action is authorized and instituted pursuant to

Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended,

29 U.S.C. § 626(b)  (the "ADEA"), which incorporates by reference Sections 16(c)

and 17of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29

U.S.C. §§ 216(c) and 217.

2.      The unlawful employment practices alleged were committed within

the jurisdiction of the United States District Court for the Southern District of

Georgia, Savannah Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the

"Commission"), is the agency of the United States of America charged with the

administration, interpretation, and enforcement of the ADEA and is expressly

authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b),

as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and

by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Gulfstream Aerospace Corporation

2

(hereinafter referred to as "Defendant Employer"), a Georgia corporation, has continuously been a corporation doing business in the State of Georgia and in the City of Savannah, and has continuously maintained at least twenty (20) employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.     Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.     Since at least August 2000, Defendant Employer has engaged in unlawful employment practices at its Savannah, Georgia facility in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by discharging the Claimants, or forcing the Claimants to retire, because of their age.

3

8.    The effect of Defendant Employer's practices complained of in paragraph 7, above, has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

9.    The unlawful employment practices complained of in paragraph 7, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from discharging, or forcing to retire, employees 40 years of age and older because of their age and any other employment practice which discriminates because of age against individuals 40 years of age and older.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

4

C.      Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum in liquidated damages, and prejudgment interest, to individuals whose wages are being unlawfully withheld as a result of the acts complained above, including but not limited to the Claimants.

D.      Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of Defendant Employer's unlawful employment practices, including but not limited to reinstating the Claimants and awarding the Claimants all appropriate back pay, loss of pension, retirement, health benefits, insurance benefits, and other benefits (including employer contributions), an equal sum in liquidated damages, prejudgment interest, and front pay.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this

Complaint.

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

S. ROBERT ROYAL
Regional Attorney
STEVEN M. TAPPER
Acting Supervisory Trial Attorney
Georgia Bar No. 698018
U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6820 or 6932
Facsimile:  (404) 562-6905

# ATTACHMENT A

ADAMS, DEBBIE Y
ALDERMAN SR, DAVID G
ALVAREZ, PEDRO P.
ARNOTT, DAVID K
ASHCRAFT, VAL A
BALL, DEREK A
BARNHART, C. ROBERT
BAZEMORE, HAROLD L
BLACKMON, CHARLES E.
BLAND, KENNETH W
BOLEBRUCH, DANIEL F
BOLET, ANTONIO
BRACKEEN, MARIGAIL R.
BRANNEN, RALPH D
BRICHACEK, JOSEPH J
BROOKS, OLIVER L
BROWN, JOHN W
BURK, BRIAN J.
BURNSED, WANDA L
BUTLER, BOBBY L.
BUTRYMOWICZ, THOMAS J
CAHN, RICHARD F
CARTER, JESSE D
CLABBERS, JOAN A
COLLETT, GREG J.
COPELAND, ALLAN G
CORVIN, CECIL B.
COSPER, WOODROW E
CRABB, BRENDA J
DANIEL, RONALD E.
DAVIES, CURTIS R
DAVIS, CHARLES A
DAVIS, MARVIN
DENTON, ROBERT R
DERHAMMER, ROY A
DICKSON, DONALD R
DOAN, LONG
DODD, SARAH A
DOUGHTY, RUSSELL H.

DUHACK, JOSEPH S
EDWARDS, RALPH W.
ELLIS, ROY M
ELRICK, STANLEY M
EMERSON, FLORA M.
EMERSON, LUCILLE
ENG, HARRY M.
FAUCETTE, NORMAN E
FERGUSON, RITA S.
FLOWERS, CHARLES L
FOLKS, CLARENCE E
FRENCH, KENNA R.
FRIEDENBERG, BARBARA D
GAY, CARLTON E
GIFFORD, DAVID L
GLADIN JR, JAMES S
GONZALEZ, JORGE F.
GOODARD, CHARLES B.
GRANT, DONNA N.
GREEN, JUANITA T
GRZYBOWSKI, PAUL M.
GUEDIRI, FARID
HARRELSON, JAMES T
HART JR, ROBERT E
HAZARIWALA, RAMESH C
HEBERT, DWAYNE
HERNANDEZ, CARLOS R
HOUGHTBY, ARTHUR D.
HOUSER, WILLIAM F.
HOWARD III, GEORGE
ITOI, NORITOSHI
KALINOWSKY, ROY
KEITH, MICHAEL W
KENNEDY, LORRINDA M
KIMBREW, MOLLIE A
KNIGHT II, WALLACE R
KRAMER, DEBORAH S
LANCON, TERESA M
LAZARUS, ALBERT
LEFEVRE, DOUGLAS J.
LEVENGOOD, JOHN
LOLLIS, DONALD R.
LOVE, LORI A
MACKEY, GORDON N

MARTIN, JAMES T
MAUGHAN, DAWN H.
MCCORMICK, HERBERT L.
MCCURRY, TAMMY A.
MCDERMOTT, PATRICK J
MCKENZIE, MARTY
MCLAIN, LARRY G.
MEDLIN, WAYLAND R.
MIDDLETON, EDGAR P
MINCEY, RICHARD D
MOORE, NAOMI R
NAGY, JOHN
NHUONG, NGUYEN V
ODELL, DAVID J.
O'KELLEY, MARCHETA B
PACKER, GRAHAM J
PALMER, ROBERT E
PARKER SR., BRUCE K.
PARKER, JAMES E
PEAVY, BARBARA J
PERIGARD, LYNN M.
PHILLIPS, JAMES D
PURCELL, ROBERT W
RAINE, SUSAN C.
READ, IVAN F
REARS, JACQUELINE F
REESE, DONNA B.
REYES JR, EUGENE C
RIPPEY, MICHAEL G
ROBERTS, CHARLES E
SAMMONS, DAVID E, SR
SCHMIDT, HAROLD R
SHUBBER, ADEL
SLAVEN, DONALD E.
SMITH, GAYLE C
SMITHWICK, DENNIS M
SOFFEL, JEAN B.
STAHL, GEORGE T
TAYLOR, CARL H.
TAYLOR, JOHNNY D
TAYLOR, MARGARET L
TEBBETTS, ALAN R
TIDWELL, DAVID
TIMBERLAKE JR, EDDIE H

TUINDER, TIMMY J.
VAN GORP, DAVID H.
VILLARI, JOSEPH
VINCENT, DIAN E
WALLIS, PAUL A
WATERS, KEVIN P.
WELLS, DAVID A
WHITE, THOMAS C.
WILLIAMS, JANICE
WILLIAMS, JUDITH B
WOOD, ROBERT J.

ORIGINAL

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | Civil Action No. **CV402-243** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **GULFSTREAM AEROSPACE CORPORATION,** | ) ) ) | |
| **Defendant.** | ) ) | |

**CONSENT DECREE**

**TABLE OF CONTENTS**

**Page**

I.      **Introduction**

II.     **Scope**

III.    **Term and Dismissal**

IV.     **Compliance with ADEA**

V.      **Settlement Fund**

VI.     **Procedure**

VII.    **Exclusion Notice to Alleged Voluntary Separations**

VIII.   **Fairness Hearing**

IX.     **Future Reductions in Force**

X.      **Notification of Vacancies**

XI.     **Management Training**

**XII.   Non-Discrimination Policy**

**XIII.   Reporting and Posting of Notice**

**XIV.   Monitoring Compliance and Compliance Official**

**XV.   Return/Destruction of Documents**

**XVI.   Enforcement**

**XVII.   Appeal**

**XVIII. Costs and Attorneys' Fees**

**XIX.   Press Release**

**XX.   Notices**

**XXI.   Governing Law**

**XXII.   Exhibits**

**XXIII. Entire Agreement**

**XXIV. Modification**

**XXV.   Severability**

**XXVI. Counterparts**

**Attachments**

**Covered Persons List      A**

**Eligible Claimants List      B**

**Timely Charging Parties      C**

**Private Plaintiffs List          D**

**Alleged Voluntary Separation List E**

**Exclusion Notice**      **F**

**Notice of Fairness Hearing and Opportunity to Object**   **G**

**Notice of Final Approval**     **H**

**Release**      **I**

**Posted Notice J**

## I. INTRODUCTION

A.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission"), an agency of the United States, alleging violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 et seq. The Commission has alleged that the Defendant, Gulfstream Aerospace Corporation ("Gulfstream"), discriminated against employees age 40 and above at its Savannah, Georgia location when it selected them for layoff in reductions in force betweenAugust 20, 2000, andDecember 31, 2000.

B.      Gulfstream denies that it engaged in any discrimination based on age, or committed any other violation of law, in connection with RIFs or any other actions alleged in the complaint. Nonetheless, the Commission and Gulfstream (collectively, the "Parties") advise this Court that they wish to avoid the expense, delay and uncertainties of protracted litigation in this matter, and therefore agree to settle this action by this Consent Decree ("Decree").

C.      The Parties agree that this Court has jurisdiction over the subject matter of and the Parties to this lawsuit.

D.      The Parties agree that this Decree is voluntarily entered into by the

Parties, that it shall not constitute an adjudication and finding on the merits of the case, and that it shall not be construed as an admission by Gulfstream that it violated the ADEA.

E.     This Decree is final and binding upon the Parties, their successors and assigns.  Further, the Parties agree jointly to defend this Consent Decree should it be challenged by a non-party, including but not limited to an assertion during the term of this Decree by any Covered Person, as defined below, that his or her claim is not extinguished by this Decree, the Parties to bear their own legal fees and costs in any such defense, provided, however, the EEOC shall not be required to intervene as a defendant in any action brought against Gulfstream.

F.     The Parties agree that this Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all claims by the Commission of discriminatory retirement, layoff or termination under the ADEA or other applicable laws enforced by the Commission that were made or could have been made by the Commission in this action based on acts or omissions of Gulfstream regarding its Savannah, Georgia location, occurring between August 20, 2000 andthe date of the Complaint, and that its entry shall further the purposes of the ADEA.

G.     The Parties have undertaken investigation, information-gathering, interviews, research, statistical reviews, and analysis sufficient to permit them to sufficiently assess the desirability of this resolution.

H.     The Parties' officers, agents, employees, successors, and all other persons in active concert or participation with any of them shall not interfere with the relief

4

herein ordered, but shall reasonably cooperate in the implementation of this Decree. This provision shall not expand the Court's personal jurisdiction to any natural person presently beyond that jurisdiction.

I.     The Parties respectfully request that the Court preliminarily approve this Decree on or before _____, pending final approval pursuant to notice to interested parties and a fairness hearing (the "Fairness Hearing") as provided in paragraph VIII of this Decree.  Upon preliminary approval, and pending final approval, the Parties will begin taking certain actions as set forth in paragraphs V, VI and VII of this Decree.

J.     THIS DECREE CONTAINS IMPORTANT DEADLINES.  FAILURE TO MEET THESE DEADLINES CAN CAUSE RIGHTS TO BE LOST.

NOW THEREFORE, it is the preliminary finding of this Court, made on the pleadings and the record as a whole, that this Decree constitutes a fair and equitable resolution and shall further the purposes of the ADEA.  This Court will make further findings, and may finally approve this Decree, following notice to interested persons as provided herein and a Fairness Hearing to be held on_____, at the hour of _____ _.m.

IT IS FURTHER ORDERED, DECREED AND ADJUDGED AS FOLLOWS:

This Court has jurisdiction over the Parties to and the subject matter of this action.

## II. SCOPE

A.     This Decree resolves all claims for both monetary and non-monetary relief on the claim that Gulfstream laid off employees or forced employees to retire

in lieu of layoff because of their age for employees who meet the following criteria (hereinafter "Covered Persons"):

  (1) They were age 40 or over at the time of their voluntary or involuntary layoff or retirement;

  (2) They were regular full-time employees of Gulfstream at its Savannah, Georgia facility;

  (3) Their involuntary layoff or retirement date, or involuntary date in the case of non-exempt employees, took effectbetween August 20, 2000 and December 31, 2000;

  (4) They have not instituted or opted into an action that remains pending as of the date of the complaint arising from or relating to a layoff or retirement described in paragraph II.A.(3); and

  (5) They have not previously entered into an agreement with Gulfstream that fully resolves and releases the claims encompassed in this Decree.  The agreement, including the release and waiver, must have complied with Section 7(f) of the ADEA, as amended by the Older Workers Benefit Protection Act, in order for the claim to be resolved and released by the earlier agreement rather than this Decree.

  This Decree includes employees, if any, meeting these criteria who have been issued a notice of right to sue that expired prior to the date of final Court approval of this Decree.  A list of Covered Persons is attached hereto as Attachment A.

  B. Attachment B ("Eligible Claimants") is a list of Covered Persons, less

6

persons that the Commission, after reviewing the list of Alleged Voluntary Separations prepared by Gulfstream and any objections filed by the recipients of the corresponding Exclusion Notices, determines voluntarily separated from their employment with Gulfstream.  Attachment B will be provided to the Court after the procedure set forth in paragraph VII has been completed.

C.     Attachment C ("Timely Charging Parties") is a list of all Covered Persons who filed timely charges with the Commission alleging age-based termination due to a reduction in the workforce during the relevant time period.

D.     Attachment D ("Private Plaintiffs") is a list of persons who either instituted or opted into a private action that remains pending as of the date of filing of the Commission's complaint arising from or relating to a layoff or retirement described in paragraph II.A.(3), whether or not they filed charges.  This Decree does not affect the rights of Private Plaintiffs to proceed with those lawsuits, nor does it compromise the defenses of Gulfstream against such claims.  It is the intent of the Parties that, consistent with Rule 408 of the Federal Rules of Evidence, this Decree shall not be admissible for any purpose in such lawsuits or in any other proceeding of any kind other than a proceeding for enforcement or amendment of the Decree.

E.     Attachment E ("Alleged Voluntary Separations") is a list of all Covered Persons who, according to Gulfstream's current records, voluntarily separated from Gulfstream between August 20, 2000 and December 31, 2000.

F.     To effect this paragraph II, on or before the date of filing of the motion seeking preliminary Court approval of this Decree, the Commission shall

7

have filed its complaint consistent with subparagraph I.A of this Decree.  Upon the

filing of the complaint, the right of any Eligible Claimant to institute or opt into a

private action asserting claims arising from or related to the subject matter of the

Commission's complaint shall be deemed to have terminated pursuant to 29 U.S.C.

§ 626(c)(1).  <u>Grayson v. K Mart Corp.</u>, 79 F.3d 1086, 1105 (11th Cir. 1996).

### III.  <u>TERM AND DISMISSAL</u>

A.      The term of this Decree shall be two (2) years from the date of final

Court approval.  Upon final approval of this Decree, this Court shall dismiss all claims

by the Commission in this action with prejudice.  During the two-year term of this

Decree, however, this Court shall retain jurisdiction over the Parties for purposes of

compliance with this Decree, including issuing such orders as may be required to

effectuate its purposes.

B.      The Parties agree that all disputes between them regarding any provision

of this Decree, including but not limited to any issue involving potential enforcement

of the Decree, shall first be raised informally between them, and that they shall attempt

in good faith to meet and confer regarding such matters with the view to prompt and

informal resolution.  If such matters are not resolved informally within 30 days, the

Parties shall then exchange written notices setting forth their positions, and shall

consider whether resort to mediation is in the best interests of the Parties.  If the Parties

cannot agree to mediate, or if the mediation does not result in an agreement between

them, then they may bring the dispute to this Court for resolution, provided that they

set forth with specificity the efforts they have made to comply with the provisions of

8

this paragraph.

C.     The dismissal of this action in accordance with the provisions of subparagraph A of this paragraph III shall bar the Commission from bringing any administrative proceeding or suit under the ADEA against Gulfstream based in whole or in part on any acts or omissions occurring at its Savannah, Georgia facility on or before the date of the complaint, that either (1) were or could have been alleged in this lawsuit and as provided in paragraph II.A, or (2) involve class, systemic or pattern and practice allegations concerning employees of Gulfstream's Savannah, Georgia facility, provided it occurred on or before the date of the complaint.

## IV. COMPLIANCE WITH ADEA

During the term of this Decree Gulfstream agrees it shall not:

A.     Undertake any reductions in force that discriminate against employees age 40 and over on the basis of their age in violation of the ADEA.

B.     Retaliate against any person because that person has opposed allegedly discriminatory policies or practices or has filed an EEOC charge, or because such person made a charge, testified, assisted or participated in any manner in an investigation, proceeding or litigation under the ADEA or concerning this case or this Decree.

## V. SETTLEMENT FUND

A.     Gulfstream shall pay the gross sum of $2,176,307 ("Settlement Fund") for the use and benefit of Eligible Claimants as provided in this paragraph V.

B.     Following preliminary Court approval of this Decree, Gulfstream

9

shall maintain the Settlement Fund in its account, and shall credit interest to the Settlement Fund at the current average money market rate of interest as published from time to time in the Wall Street Journal, the interest to inure to the benefit of Eligible Claimants.  Except as provided in subparagraphs F and G of paragraph VI, Gulfstream may not use this Settlement Fund for any reason other than the benefit of Eligible Claimants pursuant to the terms of this Decree.

      C.      *Each Eligible Claimant shall be allocated a share in the Settlement* Fund, which shall be determined by the Commission based on the following factors: (1) the age(s) and number(s) of the Eligible Claimant's comparators(s) retained and/or subsequently hired by Gulfstream, if any; (2) the Eligible Claimant's hourly rate as of September 29, 2000 (or as of the Eligible Claimant's date of termination if such date is prior to September 29, 2000); (3) whether the Eligible Claimant is a Timely Charging Party; (4) the Eligible Claimant's age as of September 29, 2000; (5) *the Eligible Claimant's years of service with Gulfstream as of September 29,* 2000;and (6) the length of time, if applicable, that the Eligible Claimant was out of work before being rehired by Gulfstream; provided, however, that no single Eligible Claimant's share may exceed four times the average share of all Eligible Claimants or may be less than one-fourth of such average share.  This process is further described in paragraph VI.A.

      D.      Because the parties disagree on the relative merits of the back pay, front pay, liquidated damages, and interest claims, and Gulfstream in particular does not agree or admit that any of the predicate requirements for such damages

have occurred, including willful discrimination, no allocation between the categories of back pay, front pay, liquidated damages, interest, or other categories of relief shall be made pursuant to this Decree.

## VI. <u>PROCEDURE</u>

A.     No later than 30 days after the mailing described in paragraph VII.A of this Decree, the Commission shall provide Gulfstream with its preliminary allocation of the Settlement Fund among all Covered Persons, applying the factors set forth in paragraph V.C.  Gulfstream shall have 15 days to respond to the Commission in writing regarding this preliminary allocation.  During this 15-day period, Gulfstream will review the Commission's proposed allocation for fairness and reasonableness.  If the Parties disagree as to such allocation, the Parties shall confer in good faith to reach an appropriate resolution.  However, the Commission, subject to Court approval of the Decree and the provisions of paragraph V.C, shall determine how the Settlement Fund is allocated.

B.     Not later than 15 days after the completion of the process relating to Alleged Voluntary Separations described in paragraph VII, the Commission shall provide Gulfstream with a final allocation of the Settlement Fund among Eligible Claimants.  This final allocation shall exclude all Covered Persons determined to have been voluntarily separated from employment with Gulfstream pursuant to paragraph VII.B, and shall reallocate the Settlement Fund to all remaining Eligible Claimants in the same proportion and according to the same formulas applied in the preliminary allocation described in subparagraph A of this paragraph.

11

C.     Using the amounts to which the Commission has determined each Eligible Claimant is entitled as described in subparagraph B, Gulfstream shall create a report listing the net amount to be paid to each Eligible Claimant, including allocable interest from the Settlement Fund (and the amount of the employee share of FICA and mandatory income taxes withheld, along with the amount of the employer share of FICA and other contributions made), and shall provide a brief, general summary of the method used to calculate these amounts.  The Settlement Fund shall not under any circumstances be used to pay the employer's share of FICA.

D.     If no appeal from final Court approval and dismissal of the Commission's claims in this action is taken, then within 30 days after expiration of the last deadline within which to appeal, Gulfstream shall mail to each Eligible Claimant, at the same address used for the Notice of Fairness Hearing and Opportunity to Object described in paragraph VIII.B or any such updated address as may be obtained thereafter, a Notice of Final Approval in substantially the same form as Attachment H, which gives notice of the Court's order of final approval and of the amount to be distributed to that Eligible Claimant pursuant to the calculations set forth in subparagraphs B and C.  The Notice of Final Approval shall also advise the Eligible Claimant that, in order to receive payment, he or she must sign a release, substantially in the same form as Attachment I, and return it to Gulfstream at the indicated address no later than 60 days of the date of mailing of the Notice of Final Approval.

E.     Within 30 days of the expiration of the 60-day period described in subparagraph D, Gulfstream shall draw on the account established according to

12

paragraph V.B and mail to each Eligible Claimant (or his or her estate or heirs) who has satisfactorily completed and returned the release described in subparagraph D a check in the net amount indicated in the report described in subparagraph C, subject to the conditions described below and elsewhere in this Decree.  The right of any Eligible Claimant to receive any monetary relief shall be subject to and contingent upon timely and satisfactory completion and return of the release described in subparagraph D.  All payments under this Decree shall also be subject to any deductions or withholding required by law.

F.      If any checks are returned or are not cashed within 90 days of mailing, Gulfstream shall notify the Commission promptly so that the Commission may take, at its expense, further steps to reach those Eligible Claimants.  In the event that any funds, including accrued interest, are not distributed as required by this Decree for any reason, including the failure of an Eligible Claimant to complete or return a release, then they shall be paid to the Hospice Savannah, subject to the deadlines provided in this Decree.

G.      If this Decree does not receive final Court approval, or if the Decree (as approved by the Court) is not upheld on appeal or becomes null and void for any other reason, the Parties shall confer in good faith and attempt to make such modifications that will facilitate approval of the Court or satisfaction of the appellate court.  If the Parties are not able to agree on such modifications, the Settlement Fund, plus accrued interest, shall revert to Gulfstream, and both Gulfstream and the Commission shall be relieved of all further obligations under the Decree.

13

## VII. EXCLUSION NOTICE TO ALLEGED VOLUNTARY SEPARATIONS

A.      No later than 10 days after the Court's preliminary approval of this Decree, Gulfstream shall mail an Exclusion Notice (Attachment F) to the Alleged Voluntary Separations, who shall have 30 days from the date of this mailing to deliver to Gulfstream an objection in writing to their exclusion from relief under this Decree.  Gulfstream shall, within 60 days after the above-referenced mailing, provide the Commission with a list of Alleged Voluntary Separations who timely object according to this subparagraph A, along with a copy of each objection.

B.      Within 30 days after receipt of the list described in subparagraph A, the Commission shall determine whether it believes any objecting Alleged Voluntary Separation was not voluntarily separated for purposes of the Decree, and shall give notice to Gulfstream of any such determination.  If Gulfstream disagrees with any such determination by the Commission, the parties shall confer in good faith concerning the resolution of any disagreements, subject to the procedures set forth in paragraph III.B above.

C.      Any Alleged Voluntary Separation, as identified in Attachment E, for whom it has been agreed that he or she was not voluntarily separated pursuant to subparagraph B shall thereafter be treated for all purposes as an Eligible Claimant under this Decree.

## VIII. FAIRNESS HEARING

A.      The Court shall conduct a Fairness Hearing on _____, at _____ a.m. at U.S. District Court, 125 Bull Street, Savannah, Georgia 31401.

B.      No later than 60 days prior to the date of this Fairness Hearing, the Parties shall jointly mail to each Eligible Claimant, at Gulfstream's expense, a Notice of Fairness Hearing and Opportunity to Object, substantially in the form set forth in Attachment G.  This Notice shall, at a minimum, summarize the terms and conditions of the Decree and advise Eligible Claimants of their rights under the settlement, including the right to object and the procedure for exercising that right.

C.      If any Eligible Claimant wishes to object to the entry of this Decree, the objector must:  (i) file with the Court a detailed, written statement of the objection not later than 30 days prior to the Fairness Hearing; and (ii) serve copies of the written statement of objection on counsel for the Parties postmarked not later than 30 days prior to the Fairness Hearing.  Any objector may, but is not required to, appear at the Fairness Hearing either in person or through counsel hired by the objector.

D.      The Parties may file a written position statement on any objections at least 7 days prior to the Fairness Hearing.

## IX.  FUTURE REDUCTIONS IN FORCE

A.      In the event Gulfstream engages in a reduction in force involving the termination or retirement of at least 75 employees over 6 months at its Savannah, Georgia location during the term of this Decree, Gulfstream shall provide to the Commission, within 30 days after completion of the reduction in force, a report that includes:

1.      The date(s) of the reduction in force;

15

2.      An indication as to whether the reduction in force applied to exempt employees, non-exempt employees, or both;

3.      A list of each individual terminated in the reduction in force, including name, date of birth, date of hire, and date of termination; a list of the department numbers and corresponding department names in which any employee was terminated as a result of the reduction in force; and

4.      *For each department in which any employee was terminated as a result of the reduction in force, the total number of employees employed in the department before the reduction in force, the total number of employees employed in the department before the reduction in force who were age forty or over as of the date of the reduction in force, the total number of employees in the department who were terminated in the reduction in force, and the total number of employees in the department who were over 40 years of age as of the date of the reduction in force who were terminated in the reduction in force.*

B.      Gulfstream shall simultaneously provide the Commission with any WARN notices sent to state or local governments during the term of this Decree. Nothing contained in this subparagraph B shall be deemed to impose any obligation whatsoever on Gulfstream to postpone or change any planned layoff, even if the Commission disputes Gulfstream's compliance with these notice provisions.

C.      All written information described in this paragraph IX shall be subject to retention under subparagraph XIII.B. and production under subparagraph XIV.A. of this Decree.

16

## X.  NOTIFICATION OF VACANCIES

During the term of this Decree, Gulfstream will maintain a web page that includes vacancies at its Savannah, Georgia facility, which Eligible Claimants and other individuals who may be interested in applying can check at their convenience. Any Eligible Claimant hired by Gulfstream , at any time within two years of the date that the Court gave final approval of the Decree, shall be required to forfeit to Gulfstream a proportionate share of the monetary award under this Decree that is deemed to represent front pay, which, solely for purposes of this paragraph, shall be assumed to be 35 percent of the total award.  The proportional amount of front pay to be forfeited shall be determined by calculating the number of months from the Eligible Claimant's date of hire through the two year expiration date after the Court gave final approval of the decree, and dividing the latter number by twenty-four.  Any Eligible Claimant hired beyond the two years expiration date after the Court gave final approval of the Decree shall not be required to forfeit any part of his/her award to Gulfstream.  Eligible Claimants who apply in this manner shall be considered in the same manner as any other applicants.  If an Eligible Claimant is re-hired by Gulfstream, he or she shall be treated in the same manner as any other employee at Gulfstream, shall be subject to the same performance and attendance requirements as other employees, and shall not be accorded any special or preferential treatment.

Within ninety (90) days after any Eligible Claimant is re-hired, Gulfstream's designated compliance officer shall provide to the Regional Attorney a notification

list of the rehiring.

## XI.   MANAGEMENT TRAINING

A.      Beginning not later than 90 days after final Court approval of this Decree or Commission approval of the training, whichever is later, Gulfstream shall provide a reasonable amount of training, whose content has been previously reviewed and approved by the Commission (which approval shall not be unreasonably withheld), to substantially all employees in its Savannah, Georgia facility who hold a supervisory position as of the date of final Court approval, subject to reasonable availability of the employees to be trained.

B.      Training shall consist of at least the following:

1.      Gulfstream's obligations under the Decree;

2.      Gulfstream's statutory obligations under the ADEA in general, and in particular its obligation not to discriminate on the basis of age in employment decisions concerning the continuing employment of current staff; and

3.      Objective, non-discriminatory decision-making and proper procedures for evaluations, reductions in force and layoffs.

C.      Gulfstream shall complete this training not later than 270 days after final Court approval of this Decree, subject to reasonable availability of the employees to be trained, and shall notify the EEOC within two weeks after completion.

## XII. NON-DISCRIMINATION POLICY

18

A.     Gulfstream shall develop and tender to the Commission, within 60 days of final Court approval of this Decree, a copy of its written non-discrimination policy which establishes specific procedures for receiving, investigating and resolving complaints of discrimination lodged by any employee.  Gulfstream's non-discrimination policy shall include, at a minimum, the following safeguards:

1.     A procedure to report the complaint to someone other than the alleged discriminator, if the immediate supervisor is the alleged discriminator;

2.     A provision that establishes a prompt investigation of the complaint;

3.     A provision prohibiting retaliation against persons who file complaints or participate in the process; and

4.     A provision that warns of appropriate sanctions against persons who violate the policy.

B.     Gulfstream may include in the non-discrimination policy a disclaimer that the policy does not constitute an express or implied contract.

### XIII. REPORTING AND POSTING OF NOTICE

A.     Within one month after the end of each six-month period during the term of this Decree, Gulfstream shall submit a report to the Commission listing all complaints or charges of age discrimination made by employees or former employees of Gulfstream's Savannah, Georgia facility to the persons designated to receive such complaints with the following information:

1.     The date of the complaint or charge;

19

2.      The name and contact information of the person making the complaint or charge

3.      The name and title of the person against whom the complaint or charge was made;

4.      The underlying allegations of the complaint or charge;

5.      The name and contact information of the persons receiving the complaint or charge;

6.      A summary of the action taken by Gulfstream in response to the complaint or charge; and

7.      The current status of the investigation of the complaint or charge and a summary of its resolution.

B.      Gulfstream shall retain for the term of this Decree, or as required by the Commission's Recordkeeping Regulations, 29 C.F.R. § 1627, whichever is longer, all documents related to selection of employees for actual reductions in force and the reports referenced in subparagraph A of this paragraph.

C.      The reports required by this paragraph XIII shall be sent postage prepaid to:

Regional Attorney
Atlanta District Office
Equal Employment Opportunity Commission
100 Alabama Street, S.W., Suite 4R30
Atlanta, Georgia 30303

D.      Upon entry of this Decree and continuing during its term, Gulfstream

will keep posted a copy of the Notice attached to this Decree (as Attachment J) at Gulfstream's place(s) of business.  The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at these facilities shall have the opportunity to observe at least one such posting when at the facility. Gulfstream will fulfill the posting requirement within fifteen (15) days of the entry final approval of this Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Gulfstream shall not withhold the right of the Commission to enter upon Gulfstream's premises to monitor compliance with this posting requirement. Should the Notice become defaced, marred, or otherwise unreadable, Gulfstream will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

### XIV.  MONITORING COMPLIANCE AND COMPLIANCE OFFICIAL

A.      During the term of this Decree the Commission shall have the right to review compliance with this Decree at Gulfstream's facility located in Savannah, Georgia.  The review shall consist of, but not necessarily be limited to, inspecting and copying (at Gulfstream's expense) a reasonable number of relevant, unclassified documents and interviewing Gulfstream employees.  Before scheduling any on-site compliance review, the Commission shall notify Gulfstream in writing of each issue it seeks to review, including particular jobs or departments that are of concern to the Commission and any specific information that has led the Commission to request a review.  The Commission shall further give Gulfstream at least 3 business days' prior

notice of any visit to Gulfstream's premises, which visit shall occur during normal business hours and be conducted according to Gulfstream's security and safety procedures. Gulfstream shall be allowed to have an attorney and a Human Resources representative present during any Commission interview of an employee holding a supervisory or management position, as determined by Gulfstream. The Commission shall give Gulfstream at least 7 business days within which to copy documents. Gulfstream shall be required promptly to comply with all reasonable requests of the Commission for such monitoring information, including provision of personnel data previously described by this Decree in a machine-readable format as agreed to by the Parties, subject to any agreements or protections that may be reasonably necessary to protect the confidentiality of any information, documents, or data provided to the Commission.

B.      During the term of this Decree, the Commission shall not disclose documents or other information obtained pursuant to this Decree outside of the agency, shall use the documents and information solely for the purpose of monitoring or enforcing compliance with this Decree and shall protect the information from disclosure under exceptions to the Freedom of Information Act, U.S.C. § 552(b), to the maximum extent permitted by law, subject to one or more of the following exemptions: (i) confidential commercial and financial information, (ii) confidential personal information, or (iii) information, disclosure of which would interfere with the Commission's enforcement activities.

C.      Gulfstream shall designate a compliance official who shall be responsible

22

for compliance with this Decree, and also responsible for coordinating and overseeing Gulfstream's compliance with this Decree.

## XV.  RETURN/DESTRUCTION OF DOCUMENTS

A.     Within 60 days of the expiration of the Decree, the Commission shall destroy all information provided to the Commission by Gulfstream in machine-readable form in any way relating to this action or the underlying administrative investigation, including all copies of this information, whether under the direct control of the Commission or under the control of third parties to whom the Commission provided the information, provided that during the term of this Decree Gulfstream shall maintain this information substantially in the form provided to the Commission.

B.     During the term of this Decree, the Commission shall retain all reports and related information provided to the Commission by Gulfstream as required or permitted by this Decree ("Monitoring Information").  After expiration of this Decree, the Commission shall continue to preserve the confidentiality of Monitoring Information as required by paragraph XIII of this Decree, and shall process this information according to the Commission's record retention policy then in effect, which currently contemplates destruction after three years.

## XVI.  ENFORCEMENT

A.     There is no private right of enforcement in connection with Gulfstream's obligations under the Decree and only the Commission, Gulfstream, or their successors or assigns may enforce compliance herewith or otherwise have any

23

rights hereunder.

B.     Enforcement may be had by either Party subject to paragraph III.B of this Decree.

## XVII.  APPEAL

In the event of an appeal from an order of the Court finally approving this Decree, all of Gulfstream's obligations under this Decree, except for accrual of interest on the Settlement Fund under paragraph V.B, shall be suspended, and shall resume only upon complete non-appealable affirmance, with the date the Court of Appeals issues its final, non-appealable mandate then being treated as the date of final Court approval.

## XVIII.  COSTS AND ATTORNEYS' FEES

*Each Party shall be responsible for and shall pay its own attorney's fees and* costs, except as to costs and expenses expressly allocated by this Decree.

## XIX.  PRESS RELEASE

The Parties' officers, agents, employees, successors, and all other persons in active concert with them, shall make no comment to the public at large in the form of a press release, news conference or similar disclosure concerning this Decree or settlement of the claims between them in this case, prior to the date of preliminary Court approval of this Decree as contemplated by subparagraph I.J. of this Decree. The Parties shall reasonably attempt to exchange preliminary draft press releases *and coordinate the timing and recipients of their initial press releases subsequent to* the date of preliminary Court approval, and shall make themselves available for

discussions in good faith concerning any such draft initial press releases that are exchanged, but the Parties shall ultimately have sole control over the contents of their respective press releases.

## XX.  NOTICES

All notices required or desired to be given under this Decree shall be in writing and delivered by hand, by registered or certified mail, by courier, or by facsimile confirmed by first-class mail, to counsel for the respective Parties at their respective addresses set forth below, or to such other address as any such Party may designate in a notice delivered pursuant to this paragraph.

## XXI.  GOVERNING LAW

The Parties agree that the validity, construction and enforcement of this Decree shall be governed by federal law.  To the extent that it is determined that the validity, construction or enforcement of this Decree or any release executed pursuant to its terms is governed by state law, the law of the State of Georgia shall apply.

## XXII.  EXHIBITS

All of the Exhibits to this Decree are material and integral parts hereof and are fully incorporated herein by this reference.

## XXIII.  ENTIRE AGREEMENT

This Decree, including the Exhibits hereto, contains the entire agreement and understanding of the parties with respect to the settlement all claims described herein.  This Decree does not impose any obligations on the parties beyond the terms

and conditions stated herein.  Accordingly, this Decree shall not prevent or preclude Gulfstream from revising its employment practices and policies or taking other personnel actions during the term of this Decree that do not violate specific requirements of this Decree.

## XXIV.  MODIFICATION

The Parties may jointly agree to modify the Decree, subject to approval of the Court pursuant to a joint motion of the Parties.

## XXV.  SEVERABILITY

Whenever possible, each provision and term of this Decree shall be interpreted in such a manner as to be valid and enforceable.  However, in the event that any provision or term of this Decree or its application to any specific person or circumstance should be determined to be or rendered invalid or unenforceable, all other provisions and terms of this Decree and the application thereof to all other persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

## XXVI.  COUNTERPARTS

To facilitate execution, this Decree may be executed in counterparts, and such counterparts when so executed shall constitute a single agreement, as if one document has been signed by the parties hereto.

**BY CONSENT:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**


**Gwendolyn Reams**
**Associate General Counsel**

**1801 L Street N.W.**
**Washington, D.C. 20507**


_____                    _____
**S. Robert Royal**                                                         **Date**  11/14/02
**Regional Attorney**
**Georgia Bar No. 617505**

_____                    _____
**Steven M. Tapper**                                                      **Date**  11/14/02
**Acting Supervisory Trial Attorney**
**Georgia Bar No. 698018**
**Atlanta District Office, Equal Employment Opportunity Commission**
**100 Alabama Street, S.W., Suite 4R30**
**Atlanta, Georgia 30303**
**(404) 562-6812 or -6820**
**(404) 562-6905 (facsimile)**


**GULFSTREAM AEROSPACE CORPORATION**


_____                    _____
**Ira Berman**                                                              **Date**  11/8/02
**Senior Vice President, Administration and General Counsel**
**Gulfstream Aerospace Corporation**
**500 Gulfstream Road**
**Savannah, Georgia  31407**
**(912) 965-5201**
**(912) 965-4764 (facsimile)**

27

**GIBSON DUNN & CRUTCHER LLP**

_(signature)_ 5-16         _11/12/02_

William Kilberg, Esq.                     Date

**Pro Hac Vice**

**Gibson Dunn & Crutcher LLP**

**1050 Connecticut Avenue**

**Washington, DC 20036**

**202-955-8573**

**202-530-9559 (facsimile)**

**Counsel for Gulfstream Aerospace Corporation**

**HUNTER, MCLEAN, EXLEY & DUNN P.C.**

_(signature)_ Wade W. Herring II         _11/11/02_

Wade W. Herring, II                   Date

Georgia Bar No. _349343_

**Hunter, Maclean, Exley & Dunn P.C.**

**200 East Saint Julian Street**

**P.O. Box 9848**

**Savannah, Georgia 31412**

**(912) 236-0261**

**(912) 236-4936 (facsimile)**

**Counsel for Gulfstream Aerospace Corporation**

28

**PRELIMINARILY APPROVED this _____ day of _____ 2002.**

**BY THE COURT:**


_____
**THE HONORABLE B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**




**FINALLY APPROVED this _____ day of _____ 200__, subject to the Court's Findings of Fact and Conclusions of Law.**

**BY THE COURT:**


_____
**THE HONORABLE B. AVANT EDENFIELD**
**UNITED STATES DISTRICT JUDGE**

## ATTACHMENT A

## LIST OF COVERED PERSONS

ADAMS, DEBBIE Y
ALDERMAN SR, DAVID G
ALVAREZ, PEDRO P.
ARNOTT, DAVID K
ASHCRAFT, VAL A
BALL, DEREK A
BARNHART, C. ROBERT
BAZEMORE, HAROLD L
BLACKMON, CHARLES E
BLAND, KENNETH W
BOLEBRUCH, DANIEL F
BOLET, ANTONIO
BRACKEEN, MARIGAIL R.
BRANNEN, RALPH D
BRICHACEK, JOSEPH J
BROOKS, OLIVER L
BROWN, JOHN W
BURK, BRIAN J.
BURNSED, WANDA L
BUTLER, BOBBY L.
BUTRYMOWICZ, THOMAS J
CAHN, RICHARD F
CARTER, JESSE D
CLABBERS, JOAN A
COLLETT, GREG J.
COPELAND, ALLAN G
CORVIN, CECIL B.
COSPER, WOODROW E
CRABB, BRENDA J
DANIEL, RONALD E.
DAVIES, CURTIS R
DAVIS, CHARLES A
DAVIS, MARVIN
DENTON, ROBERT R
DERHAMMER, ROY A
DICKSON, DONALD R
DOAN, LONG
DODD, SARAH A
DOUGHTY, RUSSELL H.

DUHACK, JOSEPH S
EDWARDS, RALPH W.
ELLIS, ROY M
ELRICK, STANLEY M
EMERSON, FLORA M.
EMERSON, LUCILLE
ENG, HARRY M.
FAUCETTE, NORMAN E
FERGUSON, RITA S.
FLOWERS, CHARLES L
FOLKS, CLARENCE E
FRENCH, KENNA R
FRIEDENBERG, BARBARA D
GAY, CARLTON E
GIFFORD, DAVID L
GLADIN JR, JAMES S
GONZALEZ, JORGE F.
GOODARD, CHARLES B.
GRANT, DONNA N.
GREEN, JUANITA T
GRZYBOWSKI, PAUL M.
GUEDIRI, FARID
HARRELSON, JAMES T
HART JR, ROBERT E
HAZARIWALA, RAMESH C
HEBERT, DWAYNE
HERNANDEZ, CARLOS R
HOUGHTBY, ARTHUR D.
HOUSER, WILLIAM F.
HOWARD III, GEORGE
ITOI, NORITOSHI
KALINOWSKY, ROY
KEITH, MICHAEL W
KENNEDY, LORRINDA M
KIMBREW, MOLLIE A
KNIGHT II, WALLACE R
KRAMER, DEBORAH S
LANCON, TERESA M
LAZARUS, ALBERT
LEFEVRE, DOUGLAS J.
LEVENGOOD, JOHN
LOLLIS, DONALD R.
LOVE, LORI A
MACKEY, GORDON N

MARTIN, JAMES T
MAUGHAN, DAWN H.
MCCORMICK, HERBERT L.
MCCURRY, TAMMY A.
MCDERMOTT, PATRICK J
MCKENZIE, MARTY
MCLAIN, LARRY G.
MEDLIN, WAYLAND R.
MIDDLETON, EDGAR P
MINCEY, RICHARD D
MOORE, NAOMI R
NAGY, JOHN
NHUONG, NGUYEN V
ODELL, DAVID J.
O'KELLEY, MARCHETA B
PACKER, GRAHAM J
PALMER, ROBERT E
PARKER SR., BRUCE K.
PARKER, JAMES E
PEAVY, BARBARA J
PERIGARD, LYNN M.
PHILLIPS, JAMES D.
PURCELL, ROBERT W
RAINE, SUSAN C.
READ, IVAN F
REARS, JACQUELINE F
REESE, DONNA B.
REYES JR, EUGENE C
RIPPEY, MICHAEL G
ROBERTS, CHARLES E
SAMMONS, DAVID E, SR
SCHMIDT, HAROLD R
SHUBBER, ADEL
SLAVEN, DONALD E.
SMITH, GAYLE C
SMITHWICK, DENNIS M
SOFFEL, JEAN B.
STAHL, GEORGE T
TAYLOR, CARL H.
TAYLOR, JOHNNY D
TAYLOR, MARGARET L
TEBBETTS, ALAN R
TIDWELL, DAVID
TIMBERLAKE JR, EDDIE H

TUINDER, TIMMY J.
VAN GORP, DAVID H.
VILLARI, JOSEPH
VINCENT, DIAN E
WALLIS, PAUL A
WATERS, KEVIN P.
WELLS, DAVID A
WHITE, THOMAS C.
WILLIAMS, JANICE
WILLIAMS, JUDITH B
WOOD, ROBERT J.

**ATTACHMENT B**

**LIST OF ELIGIBLE CLAIMANTS**

[To be provided to the Court, pursuant to paragraph II B of the Decree, upon completion of the Exclusion Notice process set forth in paragraph VII of the Decree]

**ATTACHMENT C**

**LIST OF TIMELY CHARGING PARTIES**

ARNOTT, DAVID K
BARNHART, C. ROBERT
BRANNEN, RALPH D
BRICHACEK, JOSEPH J
BROOKS, OLIVER L
BROWN, JOHN W
BURNSED, WANDA L
BUTRYMOWICZ, THOMAS J
CARTER, JESSE D
CLABBERS, JOAN A
COPELAND, ALLAN G
CORVIN, CECIL B.
COSPER, WOODROW E
DANIEL, RONALD E.
DAVIES, CURTIS R
DAVIS, CHARLES A
DENTON, ROBERT R
DOAN, LONG
DODD, SARAH A
ELRICK, STANLEY M
EMERSON, LUCILLE
FAUCETTE, NORMAN
FRIEDENBERG, BARBARA D
GAY, CARLTON E
GIFFORD, DAVID L
GONZALEZ, JORGE F.
GREEN, JUANITA T
GRZYBOWSKI, PAUL M.
HARRELSON, JAMES T
HAZARIWALA, RAMESH C
HEBERT, DWAYNE
HOWARD III, GEORGE
ITOI, NORITOSHI
KENNEDY, LORRINDA M
MARTIN, JAMES
MCKENZIE, MARTY
MEDLIN, WAYLAND
MINCEY, RICHARD D
MOORE, NAOMI R
NHUONG, NGUYEN V

O'KELLEY, MARCHETA B
PARKER, JAMES E
PERIGARD, LYNN M
RAINE, SUSAN C.
READ, IVAN F
REYES JR, EUGENE C
SAMMONS, DAVID E, SR
SCHMIDT, HAROLD R
SMITHWICK, DENNIS M
TEBBETTS, ALAN R
WILLIAMS, JUDITH B

## ATTACHMENT D

## LIST OF PRIVATE PLAINTIFFS

BARNHART, C. ROBERT
BRANNEN, RALPH D
BRICHACEK, JOSEPH J
BROOKS, OLIVER L
BROWN, JOHN W
BURNSED, WANDA L
BUTRYMOWICZ, THOMAS J
CARTER, JESSE D
CLABBERS, JOAN A
COPELAND, ALLAN G
CORVIN, CECIL B
COSPER, WOODROW E
DANIEL, RONALD E
DAVIES, CURTIS R
DAVIS, CHARLES A
DAVIS, MARVIN
DENTON, ROBERT R
DOAN, LONG
DODD, SARAH A
DUHACK, JOSEPH S
ELRICK, STANLEY M
EMERSON, LUCILLE
FAUCETTE, NORMAN E
FRIEDENBERG, BARBARA D
GAY, CARLTON E
GIFFORD, DAVID L
GONZALEZ, JORGE F.
GREEN, JUANITA T
GRZYBOWSKI, PAUL M.
HAZARIWALA, RAMESH C
HEBERT, DWAYNE
HOWARD III, GEORGE
KENNEDY, LORRINDA M
LANCON, TERESA M
LEVENGOOD, JOHN
MCKENZIE, MARTY
MINCEY, RICHARD D
MOORE, NAOMI R
NHUONG, NGUYEN V
O'KELLEY, MARCHETA B
PARKER, JAMES E
PEAVY, BARBARA J

PHILLIPS, JAMES D
PURCELL, ROBERT W
RAINE, SUSAN C.
READ, IVAN F
REYES JR, EUGENE C
ROBERTS, CHARLES E
SAMMONS, DAVID E, SR
SMITHWICK, DENNIS M
SOFFEL, JEAN B.
TEBBETTS, ALAN R
WILLIAMS, JUDITH B

**ATTACHMENT E**

**LIST OF ALLEGED VOLUNTARY SEPARATIONS**

ALDERMAN SR, DAVID G
ALVAREZ, PEDRO P.
COLLETT, GREG J.
DICKSON, DONALD R
DOUGHTY, RUSSELL H
ELLIS, ROY M
EMERSON, FLORA M.
GLADIN JR, JAMES S
GOODARD, CHARLES B.
MAUGHAN, DAWN H
MCCORMICK, HERBERT L.
MCDERMOTT, PATRICK J
NAGY, JOHN
PALMER, ROBERT E
REARS, JACQUELINE,  F
SMITH, GAYLE C
TAYLOR, MARGARET L
WALLIS, PAUL A
WELLS, DAVID A
WILLIAMS, JANICE

**ATTACHMENT F**

**EXCLUSION NOTICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | Civil Action No |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| GULFSTREAM AEROSPACE | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**EXCLUSION NOTICE**

<u>To: Former Gulfstream Aerospace Corporation Employee:</u>

  The United States Equal Employment Opportunity Commission ("EEOC"), and Gulfstream Aerospace Corporation ("Gulfstream"), have entered into a Consent Decree in the case of <u>EEOC v. Gulfstream Aerospace Corporation</u>, filed _____, 2002.  The Court has preliminarily approved this Decree and this notice is being sent to you with the Court's approval   The Decree resolves the EEOC's claims that Gulfstream discriminated against regular, full-time, non-union employees age 40 and older who were laid off or forced to retire in lieu of layoff between August 20, 2000, and December 31, 2000. Gulfstream denies all allegations of discrimination but has agreed to the Consent Decree and settlement to avoid litigation.

  Gulfstream's current records show that you were 40 or older when you left Gulfstream.  Those records also show that:

    a.  you were not laid off, <u>or</u>

    b.  you voluntarily left your employment with Gulfstream.

  **Because these records show that you were not laid off involuntarily or forced to retire, you are being excluded from obtaining any benefits under the Consent Decree.**

**If you did not leave the Company voluntarily, and you wish to object to being excluded from the benefits of the Consent Decree, you must send your written objection to the following address:**

> [NAME OF COMPLIANCE OFFICER]
> Gulfstream Aerospace Corporation
> 500 Gulfstream Road
> Savannah, Georgia  31402

**Your objection must be received at this address by 5:00 p.m. on [30 DAYS AFTER MAILING DATE], or else the EEOC will not consider your objection.  It is not enough to mail your objection on that date.  To avoid problems over this timeliness issue, we suggest you mail any objection, if you have one, early, or that** *you send it by certified mail, return receipt requested.*

You must include a detailed written explanation of whatever facts you have that show that your separation from Gulfstream was not voluntary.  At the end of your written statement of objection, you must write.  "I declare under penalty of perjury that the foregoing is true and correct," then sign your name. social security number, current address and telephone number(s) and the date.

If you have any questions about this Exclusion Notice, contact Marcus Keegan at (404) 562-6818   (He works for the EEOC.)

The EEOC will notify you of its decision concerning your objection.  If you are later allowed to participate in the benefits of this Decree, you will be sent a package of information explaining what to do.  You must follow all instructions carefully and in a timely fashion.

## ATTACHMENT G

## NOTICE OF FAIRNESS HEARING AND OPPORTUNITY TO OBJECT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GULFSTREAM AEROSPACE | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE TO ELIGIBLE CLAIMANTS OF PROPOSED CONSENT DECREE

To Former Gulfstream Aerospace Corporation Employee

On _____, 2002, the United States Equal Employment Opportunity

Commission ("EEOC") filed a class action age discrimination lawsuit against

Gulfstream Aerospace Corporation ("Gulfstream" or "the Company"). The lawsuit

alleges that the Company discriminated against persons ("Covered Persons") who were

at the time of their separation from employment regular, full-time employees at the

Company's Savannah, Georgia, facility age 40 and older, and that such separation

occurred between August 20, 2000, and December 31, 2000. Gulfstream denies that it

engaged in any illegal discrimination or that it committed any other violation of law in

connection with these separations from employment or any other actions alleged in the

complaint, but it has agreed to a settlement and Consent Decree to avoid the expense,

delay and uncertainties of protracted litigation.  The Consent Decree is not an admission by the Company that it violated any law.

The proposed Consent Decree agreed to by the EEOC and Gulfstream has been filed with the Court, which must approve the Consent Decree before it becomes final and effective.  You have been sent this notice because the Company's records show that you are a person ("Eligible Claimant") who may be entitled to relief under the proposed Consent Decree upon satisfaction of certain conditions.

**THIS NOTICE IS TO ADVISE YOU OF THE TERMS OF THE PROPOSED CONSENT DECREE THAT MAY APPLY TO YOU AND TO ADVISE YOU OF YOUR OPPORTUNITY TO OBJECT TO THE CONSENT DECREE IF YOU SO CHOOSE.  NOTHING IN THIS NOTICE CONSTITUTES A CONTRACT OR CREATES ANY OBLIGATIONS OF THE COMPANY OR RIGHTS OF EMPLOYEES ENFORCEABLE AS A CONTRACT.  THERE WILL BE A FAIRNESS HEARING ON THE PROPOSED CONSENT DECREE** before the United States District Court for the Southern District of Georgia, Savannah Division.

None of the parties can predict the final outcome of this lawsuit if it went to trial and were finally decided by the Court.  Such a trial, however, would involve considerable costs, uncertainty and delay.  The EEOC and Gulfstream, therefore, have agreed to a settlement which they believe is fair and in the best interests of the public; Eligible Claimants, including you; and Gulfstream.

**IF YOU QUALIFY FOR ANY RELIEF PURSUANT TO THE TERMS OF**

**THE PROPOSED CONSENT DECREE, YOU ARE NOT REQUIRED TO TAKE ANY ACTION AT THIS TIME TO PRESERVE YOUR RIGHTS.  THE REMAINDER OF THIS NOTICE PROVIDES A GENERAL DESCRIPTION OF THE TERMS OF THE DECREE, INCLUDING THE RELIEF THAT MAY BE PROVIDED TO YOU UPON FINAL COURT APPROVAL IF YOU MEET THE REQUIRED CONDITIONS.  IF AND WHEN THE PROPOSED CONSENT DECREE RECEIVES FINAL COURT APPROVAL, YOU WILL RECEIVE A FURTHER NOTICE DESCRIBING THE EXACT RELIEF THAT WILL BE PROVIDED TO YOU AND THE CONDITIONS YOU MUST MEET TO RECEIVE IT.**

  A. Summary of the Terms of the Consent Decree

  The terms of the proposed settlement are contained in the Consent Decree given preliminary approval by the Court on _____, 2002.  This notice is intended as a summary only.  If there is a difference between the language of this Notice and the Consent Decree, the language of the Consent Decree is controlling.  Copies of the Consent Decree can be obtained by visiting the Clerk of the Court's office located at 125 Bull Street, Savannah, Georgia 31401.

  The proposed Consent Decree provides in part as follows:

  1. Payments totaling **two million one hundred seventy six thousand three hundred and seven dollars ($2,176,307.00)** will be distributed to those Covered Persons who are Eligible Claimants, excluding those who filed or joined private actions against Gulfstream prior to the filing of the EEOC complaint and those who voluntarily separated

from employment with Gulfstream during the relevant period. Upon the filing of the EEOC's complaint, the right of any Eligible Claimant to institute or opt into a private action asserting claims arising from or related to the subject matter of the Commission's complaint was deemed to have terminated pursuant to 29 U.S.C. § 626(c)(1). *Grayson v K Mart Corp.*, 79 F.3d 1086, 1105 (11th Cir. 1996). The $2,176,307.00 amount will be divided among all Eligible Claimants as determined by the EEOC in accordance with the following criteria

        a.      the age(s) and number(s) of the Eligible Claimant's comparators(s) retained and/or subsequently hired by Gulfstream, if any;

        b.      the Eligible Claimant's hourly rate as of September 29, 2000 (or as of the Eligible Claimant's date of termination if such date is prior to September 29, 2000);

        c.      whether the Eligible Claimant filed timely charges with the EEOC alleging age-based termination due to a reduction in the workforce during the relevant time period;

        d.      the Eligible Claimant's age as of September 29, 2000;

        e.      the Eligible Claimant's years of service with Gulfstream as of September 29, 2000; and

        f.      the length of time, if applicable, that the Eligible Claimant was out of work before being rehired by Gulfstream.

        In no event will any Eligible Claimant's share be more than four times the average share of all Eligible Claimants or less than one-fourth the average share of all Eligible Claimants.

Based on data supplied by the Company, there are 138 total Covered Persons, 52 of whom are plaintiffs in existing private actions and 20 more of whom left employment voluntarily and not as part of the reduction in force. Unless these numbers change prior to final approval of the Consent Decree, this would result in an a total of 66 Eligible Claimants who would receive an average payment, prior to taxes or other legally required withholding, of approximately $33,000. Under this scenario, the maximum possible payment, prior to withholding, would be approximately $132,000 and the minimum possible payment would be approximately $8,250. If there are any changes, such as individuals shown by the Company to have left voluntarily who are determined to be part of the reduction in force, it could result in some adjustment of these figures, but the changes are not anticipated to be large. The Company will be responsible for making federal, state, and local income tax deductions and FICA deductions from these amounts before they are distributed to the EEOC class members.

2       The Company will maintain a web page that includes vacancies at its Savannah, Georgia facility, which Eligible Claimants and other individuals can check at their convenience. Any Eligible Claimant hired by Gulfstream, at any time within two years of the date that the Court gave final approval of the Decree, will be required to forfeit to Gulfstream a proportionate share of the monetary award under the Consent Decree that is deemed to represent front pay, which shall be assumed to be 35 percent of the total award. This proportional amount of front pay shall be adjusted by calculating the number of months from the Eligible Claimant's date of hire through the two year expiration date after the Court gave final approval of the decree and dividing the latter

number by twenty-four. Eligible Claimants who apply will be considered in the same manner as any other applicants, except for this forfeiture of award, and if hired will be treated in the same manner as any other employee at Gulfstream and shall be subject to the same performance and attendance requirements as other employees They will not, however, be accorded any special or preferential treatment.

3.      The Company has committed that it will comply with the Age Discrimination in Employment Act and will not discriminate on the basis of age during any future layoffs or reductions-in-force of employees. The Company must make reports to the EEOC concerning any layoffs or reductions-in-force involving more than 75 employees over 6 months at its Savannah location during the two-year term of the Consent Decree. The Company also will provide training to its supervisors regarding the Company's obligations under the Consent Decree and the Age Discrimination in Employment Act. The EEOC has the right to monitor the Company's compliance with the Consent Decree.

4.      The Company has further committed that it will not retaliate against any person because that person has opposed allegedly discriminatory policies or practices or has filed an EEOC charge, or because such person made a charge, testified, assisted or participated in any manner in an investigation, proceeding or litigation concerning the ADEA or the Consent Decree. This includes a commitment not to retaliate against Eligible Claimants who obtain relief pursuant to the Consent Decree.

5.      The United States District Court for the Southern District of Georgia, Savannah Division, shall retain power to enforce the terms of the Consent Decree for a

period of two years after its final approval by the Court.

6.      The Consent Decree does not constitute an adjudication against the Company or an admission of liability or guilt by the Company.

7.      There is no private right of enforcement in connection with the Company's obligations under the Consent Decree.

B.      Fairness Hearing

**THE COURT WILL CONDUCT A HEARING TO CONSIDER THE FAIRNESS OF THE CONSENT DECREE AT __:00 _.M. ON _____, 2002, IN THE COURTROOM OF THE HONORABLE B. AVANT EDENFIELD, UNITED STATES COURTHOUSE, 125 BULL STREET, SAVANNAH, GEORGIA 31401.**

If you believe the settlement is not fair, just and reasonable, you will not be heard by the Court <u>unless</u> you follow the following rules: (1) You must prepare in writing a precise statement of your objection, including whether you or your attorney intends to appear at the hearing; (2) At the top of your written statement, you must set forth the following: "*EEOC v. Gulfstream Aerospace Corporation, Case No.* _____, Objection to Proposed Consent Decree"; (3) The original and one copy of your written statement must be mailed and received or personally delivered by _____, 2002, to the Clerk of the Court, United States District Court for the Southern District of Georgia, 125 Bull Street, Savannah, Georgia 31401; and (4) At the time you file the original and a copy of your written statement with the Court, you must also mail one copy to each of the following.

EEOC Atlanta District Office
Att'n: Steve Tapper, Acting Supervisory Trial Attorney

Legal Unit
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303

AND

William Kilberg, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue
Washington, DC 20036

AND

Wade W. Herring, II
Hunter, Maclean, Exley & Dunn P.C.
200 East Saint Julian Street
Savannah, Georgia 31412

You may also appear as an objector at the hearing, either in person or through an attorney, if you wish to do so, but you are not required to do so for your objection to be heard and considered by the Court.

You may object to the Consent Decree and still be eligible for benefits under the Consent Decree. If the Court hears your objection but does not modify the Consent Decree based on your objection, you will be eligible for relief under the Consent Decree as long as you meet the requirements for eligibility and the conditions for payment.

C.     Distribution of Monetary and Non-Monetary Relief

Any relief to be provided pursuant to the Consent Decree will not be distributed to you until after the fairness hearing; the Court's final approval of the Consent Decree; and the expiration of the last deadline within which to appeal or the resolution of any appeals, whichever date is later. At that point, you will receive a further Notice of Final Approval, which will include a form indicating that you waive and release all claims covered by the

Consent Decree, which you must sign and return in order to receive payment. Thus, it is anticipated that you will not receive any monetary payment until at least sometime next year, assuming final Court approval.

      D.    <u>Questions</u>

If you have any questions regarding the subject of this Notice, do <u>not</u> contact the Judge, the Clerk of the Court, or the Company. Instead, contact Marcus Keegan at (404) 562-6818. (He works for the EEOC.)

This Notice has been approved by the EEOC, by Gulfstream, and by the Court.

Dated _____, 2002.

**ATTACHMENT H**

**NOTICE OF FINAL APPROVAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GULFSTREAM AEROSPACE CORPORATION | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF FINAL APPROVAL OF CONSENT DECREE

On _____, 2002, you received a Notice To Eligible Claimants Of Proposed Consent Decree ("Initial Notice"), describing a class action age discrimination lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Gulfstream Aerospace Corporation ("Gulfstream" or "the Company") and a proposed Consent Decree resolving all claims in that lawsuit. You received the Initial Notice because the Company's records showed that you are an Eligible Claimant under the Consent Decree. For your convenience, a copy of the Initial Notice is enclosed

This Notice of Final Approval of Consent Decree ("Final Notice") is to inform you that the Court, after holding the Fairness Hearing on _____, 2002 as described in the Initial Notice, has given its final approval to the Consent Decree. All

appropriately filed objections to the Consent Decree were heard at that time, and no further objections are permitted.

You have been identified as an Eligible Claimant entitled, upon compliance with the conditions imposed in the Consent Decree, to a monetary payment as determined by the EEOC consistent with the terms of the Consent Decree.  Your share of the $2,176,307 in total payments under the Consent Decree was determined by the EEOC in accordance with the following criteria:

      a.     the age(s) and number(s) of the Eligible Claimant's comparators(s) retained and/or subsequently hired by Gulfstream, if any;

      b.     the Eligible Claimant's hourly rate as of September 29, 2000 (or as of the Eligible Claimant's date of termination if such date is prior to September 29, 2000);

      c.     whether the Eligible Claimant filed timely charges with the EEOC alleging age-based termination due to a reduction in the workforce during the relevant time period;

      d.     the Eligible Claimant's age as of September 29, 2000;

      e.     the Eligible Claimant's years of service with Gulfstream as of September 29, 2000; and

      f.     the length of time, if applicable, that the Eligible Claimant was out of work before being rehired by Gulfstream.

In no event was your share allowed to be more than four times the average share of all Eligible Claimants or less than one-fourth the average share of all Eligible Claimants.

The EEOC, in accordance with the above conditions, has determined your share

to be $_____.  If you comply with the conditions described below, but only if you

comply with those conditions, a check for this payment, minus any deductions or

withholding required by law, will be mailed to you by Gulfstream no later than

_____

**IN ORDER TO RECEIVE YOUR SHARE, YOU MUST COMPLETE**

**THE ENCLOSED RELEASE OF CLAIMS FORM, HAVE IT NOTARIZED IN**

**THE SPACE PROVIDED ON THE FORM, AND RETURN AN ORIGINAL**

**COPY OF THE FORM TO:**

> [NAME OF COMPLIANCE OFFICER]
> Gulfstream Aerospace Corporation
> 500 Gulfstream Road
> Savannah, Georgia  31402

**THE PROPERLY COMPLETED AND NOTARIZED FORM MUST BE**

**RECEIVED AT THIS ADDRESS NO LATER THAN 5:00 P.M. ON**

_____.

If you do not properly complete, notarize, and return the form by this deadline,

or if your share cannot be delivered to you for any other reason such as an inability to

locate you or your failure to cash the check, you will forfeit your right to this payment

and it will be donated to charity.

If you have any questions regarding the subject of this Notice, do _not_ contact the

Judge, the Clerk of the Court, or the Company.  Instead, contact Marcus Keegan at (404)

562-6818.  (He works for the EEOC.)

This Notice has been approved by the EEOC, by Gulfstream, and by the Court.

Dated _____, 200_.

Enclosures:    Initial Notice
               Release of Claims

## ATTACHMENT I

## RELEASE OF CLAIMS

_____, Social Security No._____ (the "Class

Member"), has signed a Claim Form to participate in benefits created by virtue of a

consent decree (the "Consent Decree") between Gulfstream Aerospace (the "Company"),

and the Equal Employment Opportunity Commission (the "Commission") entered on

_____ by the United States District Court for the Southern District of Georgia,

Savannah Division, in Case No. _____.

As a further requirement of participating in those benefits, to which the Class

Member would not otherwise be entitled, the sufficiency of which is hereby

acknowledged, on the Class Member's own behalf and on behalf of the Class Member's

heirs and assigns and all persons claiming under the Class Member, the Class Member

hereby fully and forever unconditionally releases and discharges the Company, all of its

past and present parent, subsidiary, affiliated and related corporations, their predecessors,

successors and assigns, including any trustee in bankruptcy, together with their divisions

and departments and all past or present officers, directors, employees, insurers, attorneys

and agents or independent contractors of any of them (hereinafter referred to collectively

as the "Company Releasees"), of and from, and the Class Member covenants not to sue or

assert against the Company Releasees or any of them for any purpose, claims,

administrative complaints, demands, actions and causes of action, of any kind or nature

whatsoever, both at law and in equity, negligent and intentional, arising from or in any

way related to alleged age discrimination by the Company between August 20, 2000, and

December 31, 2000, whether contrary to state or federal statute or whether creating any

common law tort or contract claim, in connection with the termination of the Class

Member's employment by the Company, without regard to the Class Member's present

actual knowledge of any prior act or omission by the Company Releasees or any of them

which may have constituted, or may be alleged to have constituted, unlawful treatment of

the Class Member as a result of age.  This Release of Claims has no effect on the Class

Member's pension rights or other benefits being received from the Company, if any,

arising from the Class Member's employment by the Company.

The Class Member has been informed of the dollar amount of the payment that he

or she will receive under the Consent Decree, as set forth in the Notice of Final Approval

of Consent Decree, but understands that the amount of money to be received is subject to

legally required deductions and/or withholding.  The Class Member further understands

that the Company's obligation under the Consent Decree concerning the listing of

vacancies does not provide a guarantee of reemployment to the Class Member, that no

preferential treatment will be accorded to any applicants, and that any Class Members

who are rehired during the two-year term of the Consent Decree will be required to forfeit

a portion of the monetary payment they have received under the Consent Decree.  Based

on this understanding, the Class Member acknowledges that the Class Member will

continue to be bound by this Release of Claims and that the Class Member shall never

bring any claim described in the preceding paragraph against the Company Releasees,

even if the Class Member is not rehired or does not otherwise receive further monetary or

non-monetary relief beyond the payment described in the Notice of Final Approval of

Consent Decree. The Class Member further understands that the Class Member has no individual rights under the Consent Decree, but that the EEOC may, in its sole discretion, assert rights on the Class Member's behalf under the Consent Decree.

In consideration of the release and other covenants and agreements contained herein and in the Consent Decree, the Company fully and forever unconditionally releases and discharges the Class Member and the Class Member's heirs, assigns, insurers, agents and personal representatives (hereinafter referred to collectively as the "Class Member Releasees") of and from, and the Company covenants not to sue or assert against the Class Member Releasees or any of them for any purpose, claims, administrative complaints, demands, actions and causes of action, of any kind or nature whatsoever, both at law and in equity, negligent and intentional, arising from or in any way related to facts underlying the above-referenced lawsuit, including but not limited to the Class Member's participation in such lawsuit and recovery therefrom, whether contrary to state or federal statute or whether creating any common law tort or contract claim, in connection with the termination of the Class Member's employment by the Company, without regard to the Company's present actual knowledge of any prior act or omission by the Class Member Releasees or any of them which may have constituted, or may be alleged to have constituted, inappropriate or unlawful action, <u>except</u> for claims based in whole or in part upon Class Member's misuse, disclosure or exploitation of confidential, proprietary or trade secret information of the Company, in violation of either other written agreements with the Company or applicable Georgia trade secrets law. The Company agrees not to seek tender back of any benefits previously received by the Class Member in exchange

for signing a prior release, or to take any other adverse action against the Class Member,

by virtue of the Class Member's participation in the benefits created by the Decree.

The Class Member and the Company understand that they may later discover

claims or facts now unknown or unsuspected and the Class Member and the Company

expressly assume all risk that the facts and law concerning this Release of Claims and the

Consent Decree may be other than as currently known to them.  The Class Member

acknowledges that, in signing this Release, the Class Member is not relying on any

information provided to the Class Member by the Company Releasees or upon the

Company Releasees to provide information to the Class Member.  The Company

acknowledges that, in signing this Release, the Company is not relying on any

information provided to the Company by the Class Member Releasees or upon the Class

Member Releasees to provide information to the Company.

The Class Member understands that this Release is not an admission of liability

by the Company, but is only a means of compromising a dispute in light of the costs and

uncertainties of litigation.  The Class Member and the Company agree that this Release

will be construed under Georgia law, and that if part of this Release is found invalid, the

remainder shall be enforceable.

In the event of any claim that may be precluded in whole or in part by this

Release, the Class Member and the Company agree that the underlying claim shall first be

submitted at the request of either party to non-binding mediation in Atlanta before

_____, with the party asserting the underlying claim to bear all costs of

the first day of mediation, and the parties to share equally any further mediation costs,

prior to either party seeking any form of judicial relief.

IN WITNESS WHEREOF, the Class Member and the Company have read this Release and they voluntarily sign it, after having been advised to seek their own legal counsel, without threat or coercion, with full knowledge and understanding of its contents, and without promise of benefit, except as expressly described in this Release of Claims and the Summary of Consent Decree. This Release of Claims constitutes the entire agreement and merges all prior negotiations, discussions, and promises. This Release of Claims will only be enforceable if and when the Consent Decree is approved and entered by the Court and no successful appeal is taken therefrom.

I certify under penalty of perjury that the foregoing is true and correct.


DATE: _____        SIGNATURE _____



STATE OF

COUNTY OF

Subscribed and sworn to before me this _____ day of _____ 2002, by

Witness my hand and official seal.

(SEAL)

Notary Public

My commission expires:

DATE.

_____[name]
_____[title]
Gulfstream Aerospace Corporation

STATE OF

                                      ss.

COUNTY OF

       Subscribed and sworn to before me this      day of          1996,

by

Witness my hand and official seal.

(SEAL)

                              Notary Public

      My commission expires:

**ATTACHMENT J**

**POSTED NOTICE**

Gulfstream Aerospace Corporation ("Gulfstream" or "the Company") has reached a settlement with the United States Equal Employment Opportunity Commission ("EEOC") in a lawsuit captioned <u>EEOC v. Gulfstream Aerospace Corporation</u>, which was finally approved by the United States District Court for the Southern District of Georgia, Savannah Division, and entered as a Consent Decree on _____, 200_  The EEOC claimed that Gulfstream violated the Age Discrimination in Employment Act ("ADEA") by discriminating against employees age 40 and older in effectuating its reductions in force between August 20, 2000, and December 31, 2000. The Company denied and continues to deny any wrongdoing, but accepted the settlement to avoid the expense and burden of further litigation. The Consent Decree includes all regular, full-time, employees age 40 and older at the time of their termination who were employed by Gulfstream at its Savannah, Georgia, facility, and who were laid off or retired betweenAugust 20, 2000, and December 31, 2000 (the "EEOC class")  In addition to payments for certain persons in the EEOC class totaling $2,176,307.00, the Decree provides in <u>part</u> as follows:

1.      The Company has committed that it will comply with the Age Discrimination in Employment Act in that it will not discriminate on the basis of age in any future layoffs or reductions in force of employees and that it will not retaliate against any person because that person has opposed allegedly discriminatory policies or practices, has filed an EEOC charge or has testified, assisted or participated in any manner in an investigation, proceeding or litigation concerning the Decree. This commitment does not constitute a contract or create any legal obligations of the Company or rights of employee, beyond rights and obligations existing by virtue of the ADEA.

2.      The EEOC has the right to monitor the Company's compliance with the Consent Decree. The Company will provide training regarding age discrimination to supervisors and the Company will provide reports to the EEOC concerning any layoffs or reductions-in-force involving more than 75 employees over 6 months at its Savannah location during the two-year term of the Decree.

3.      The Court will retain power to enforce the terms of the Decree for a period of two years.

4.      The Decree does not constitute an adjudication against the Company or an admission of liability or guilt by the Company

5.      You may obtain additional information by contacting Human Resources at _____ or the Equal Employment Opportunity Commission at (912) 652-4234, or at <u>www eeoc gov</u>.  You may also review a copy of the Decree by contacting _____

of the Company's Human Resources Department at (912) _____.

If you believe that the Company has in any way violated the Decree, or if you have any questions, you should contact:

Office of the Regional Attorney
Attn: Steve Tapper, Acting Supervisory Trial Attorney
United States Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6820 - direct
(404) 562-6932 - general